BRENT M. RESH
(Nevada Bar No. 14940)
BRENT RESH LAW, PLLC
2401 La Solana Way
Las Vegas, NV 89102
(702) 781-6903
brent@brentreshlaw.com

JESSICA L. BLOME
(California Bar No. 314898, pro hac vice application forthcoming)
J. RAE LOVKO
(California Bar No. 208855, pro hac vice application forthcoming)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WILD HORSE EDUCATION, a non-profit corporation, LAURA LEIGH, individually and on behalf of WILD HORSE EDUCATION, and TAMMI ADAMS, individually and on behalf of WILD HORSE EDUCATION, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT, BILL GROFFY, Principal Deputy Director and Acting Director of the Bureau of Land Management, and JUSTIN ABERNATHY, acting Nevada State Director of the Bureau of Land Management, <br><br> Defendants. | CASE NO. 3:26-cv-00423-MMD-CSD <br><br> **DECLARATION OF TAMMI ADAMS ISO PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION** |

1

I, TAMMI ADAMS, declare that if called as a witness in this action I would competently testify of my own personal knowledge, as follows:

1.    I am a Plaintiff in this case and also am a volunteer, member, and the NEPA Program Coordinator for Wild Horse Education.

2.    I and other WHE members regularly document public lands and the animals that reside on these lands. We also document wild horse and burro gather operations, as well as the subsequent placement of wild horses and burros into off-range facilities.

3.    Advocating for the wild horses in the Callaghan Complex is a past, present, and future important issue for myself and WHE.

4.    I have visited wild horses in the Callaghan Complex on multiple occasions over the years, most recently from May 5-9, 2026. As a result, I have formed strong bonds with the wild horses in the Complex. I intend on continuing my visits to these public lands into the foreseeable future, including in 2026 and 2027.

5.    When I am on the public lands in the Callaghan Complex, I appreciate the natural beauty, wildlife, and wild horses. My visits bring me enjoyment, allowing for recreation as well as documentation of wild horses and wildlife.

6.    The opportunity to view the wild horses and wildlife in the Callaghan Complex is of significant value to me and increases my use and enjoyment of Nevada's public lands.

7.    Based on my repeated visits to the Callaghan Complex, I have legally recognized aesthetic, recreational and conservations interests in the lands, horses, and wildlife of the Complex.

8.    Based on my repeated and regular visits to the Callaghan Complex, I have legally recognized aesthetic, recreational and conservations interests in the lands, horses, and wildlife of the Complex.

9.    My aesthetic, recreational and conservation interests will be harmed by the scheduled gather operations should all of the horses be removed from HMA because BLM has not analyzed the impact of such a skewed implementation. Also, removal from one HMA would

2

not address the health of the wild horses, wildlife, and range in other areas of the Gather Plan's identified gather area (which consists of 1,145,515 acres of land). As a result, harm to these horses, wildlife and the range would remain untreated.

10.     My aesthetic, recreational and conservation interests also are harmed because the horses that are removed will no longer be able for me to view in the HMA as free-roaming animals.

11.     The value of my experience in the Callaghan Complex is reduced by BLM unlawfully removing wild horses.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:   June 10, 2026,                              */s/ Tammi Adams*
                                                      Tammi Adams