ADAM R.F. GUSTAFSON, Principal Deputy Assistant Attorney General
MEREDITH L. FLAX, Deputy Section Chief
MICHAEL R. EITEL, Acting Assistant Section Chief
DAVIS A. BACKER, Senior Trial Attorney (CO Bar No. 53502)
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, North Terrace, Suite 600
Denver, Colorado 80202
Tel: (202) 305-5469
Fax: (202) 305-0275
Email: davis.backer@usdoj.gov

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| WILD HORSE EDUCATION, a non-profit corporation, LAURA LEIGH, individually and on behalf of WILD HORSE EDUCATION, and TAMMI ADAMS, individually and on behalf of WILD HORSE EDUCATION,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT, BILL GROFFY, in his official capacity as Principal Deputy Director and Acting Director of the Bureau of Land Management, and JUSTIN ABERNATHY, in his official capacity as acting Nevada State Director of the Bureau of Land Management,<br><br>Defendants. | Case No. 2:26-CV-01524<br><br>**REQUEST FOR BRIEFING SCHEDULE** |

1

Defendants hereby respectfully request that the Court afford a reasonable time to respond to Plaintiffs' motion for a preliminary injunction, ECF No. 22.

On May 18, 2026, Plaintiffs filed a complaint for injunctive and declaratory relief, ECF No. 1. Plaintiffs allege violations of the Wild Free-Roaming Horses and Burros Act, National Environmental Policy Act, Federal Land Policy and Management Act, and Administrative Procedure Act in connection with the Bureau of Land Management's ("BLM") plan to gather wild horses on the Callaghan Complex Herd Management Area in northern Nevada. On June 10, 2026, Plaintiffs moved for a preliminary injunction, seeking to enjoin BLM's gather operation. *See* ECF No. 22.

BLM first published notice of its intent to hold the challenged gather four months ago, on February 12, 2026, with the issuance of an environmental assessment and associated finding of no significant impact and decision record. A month later, on March 13, 2026, BLM published its tentative national gather schedule, which provided public notice that the upcoming gather operation would begin on July 10, 2026. Plaintiffs filed an appeal to the Interior Board of Land Appeals and petitioned to say the effectiveness of the decision record, but that petition was denied on April 6, 2026.

Counsel for Defendants first contacted counsel for Plaintiffs on May 19, 2026, after being notified of the complaint but before confirming proper service of the named defendants.[1] Undersigned counsel inquired whether Plaintiffs intended to seek emergency relief and, if so, to negotiate a reasonable briefing schedule. Counsel for Plaintiffs and undersigned counsel exchanged several emails in the intervening two weeks. On June 2, 2026, counsel for Plaintiffs indicated that they intended to file a motion for preliminary injunction in the coming days. Undersigned counsel explained that Defendants would require 14 days for a response to which

---

[1] To date, the United States has not been properly served. The federal government may only be served with a lawsuit in accordance with applicable statutes and court rules, and individual Department of Justice attorneys are not authorized to accept service of process. *See* Department of Justice, *Justice Manual* § 5-5.125, https://www.justice.gov/jm/jm-5-5000-procedures#5-5.124.

Plaintiffs' counsel responded that they "do not oppose Defendants' proposed briefing schedule provided the delayed briefing is not used to argue that the balance of hardships weighs in BLM's favor."[2]

Undersigned counsel for Defendants is scheduled to appear for an in-person hearing on multiple motions in the District of Maryland on June 24. Given the United States has not yet been properly served in this matter, Defendants request that the Court allow 14 days from the date service is perfected to respond to Plaintiffs' motion.[3]

Plaintiffs will not be harmed by the proposed schedule to accommodate competing litigation deadlines. Moreover, any delay is of their own making given the time it took to file their motion for preliminary injunction and their failure to properly serve the United States. Accordingly, Defendants respectfully request that the Court allow them 14 days to respond to any forthcoming motion for emergency relief. A proposed order accompanies this request.

Dated: June 11, 2026                    Respectfully submitted,

                                        ADAM R.F. GUSTAFSON,
                                        Principal Deputy Assistant Attorney General
                                        MEREDITH L. FLAX, Deputy Section Chief
                                        MICHAEL R. EITEL, Acting Assistant Section Chief

                                        /s/ Davis A. Backer
                                        DAVIS A. BACKER
                                        Trial Attorney (CO Bar No. 53502)
                                        United States Department of Justice
                                        Environment & Natural Resources Division
                                        Wildlife & Marine Resources Section
                                        999 18th Street, North Terrace, Suite 600
                                        Denver, Colorado 80202

---

[2] Defendants' do not agree to waive any potential arguments in response to Plaintiffs' motion for emergency relief, including but not limited to any arguments related to Plaintiffs' delay in filing their motion.

[3] Local Civil Rule 7-2(b) provides 14 days to respond to any motion in the normal course. *Compare* Local Civil Rule 7-4 (Emergency Motions) (declining to specify any default timeline for responding to emergency motions).

3

Tel: (202) 305-5469
Fax: (202) 305-0275
Email: davis.backer@usdoj.gov

***Attorneys for Defendants***