BRENT M. RESH
(Nevada Bar No. 14940)
BRENT RESH LAW, PLLC
2401 La Solana Way
Las Vegas, NV 89102
(702) 781-6903
brent@brentreshlaw.com

JESSICA L. BLOME
(California Bar No. 314898, pro hac vice application pending)
J. RAE LOVKO
(California Bar No. 208855, pro hac vice application pending)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILD HORSE EDUCATION, a non-profit corporation, LAURA LEIGH, individually and on behalf of WILD HORSE EDUCATION, TAMMI ADAMS, individually and on behalf of WILD HORSE EDUCATION, and REWILDING AMERICA NOW, a non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT, BILL GROFFY, Principal Deputy Director and Acting Director of the Bureau of Land Management, and JON RABY, Nevada State Director of the Bureau of Land Management,<br><br>Defendants. | Case No. 3:25-cv-00577<br><br><br><br>**DECLARATION OF JESSICA L. BLOME IN SUPPORT OF GREENFIRE LAW, PC'S PETITION FOR PERMISSION TO PRACTI**‹ **IN THIS CASE PRO HAC VICE** |

- 1 -

DECLARATION OF JESSICA L. BLOME

I, Jessica L. Blome, declare that if called as a witness in this action I would competently testify of my own personal knowledge, as follows:

1.      I am an attorney and co-owner of the law firm Greenfire Law PC, counsel for Plaintiffs in the above-titled action. I reside in California, with my place of work located in Berkeley, California.

2.      Greenfire Law, PC is a public interest law firm, and Jennifer Rae Lovko, my co-counsel in this matter, is a senior associate working under my direction in the Animal Law Practice Group. Ms. Lovko specializes in wild horse regulation and litigation for Greenfire Law, PC, and will be filing or has filed a separate application to practice pro hac vice before this Court in this case.

3.      As detailed in the accompanying petition, I was admitted to the State Bar of California in 2017 and am an active member in good standing.[1] I also am admitted to practice in the State of Missouri (2007) and various federal district courts, as well as the United States First, Fifth, Eighth, Ninth, Tenth and Eleventh Circuit Courts of Appeals.

4.      Neither Ms. Lovko nor I am admitted to practice before the State Bar of Nevada, and consequently, we are unable to be admitted permanently to practice before the District Court of Nevada.

5.      Neither Ms. Lovko nor I regularly engage in the practice of law or other business in the State of Nevada. We exclusively represent Wild Horse Education, its president, members, and supporters in litigation challenging the U.S. Bureau of Land Management's decisions implementing the Wild & Free Roaming Horses & Burros Act, which are federal claims.

6.      Local Rule 11-2(f), which addresses pro hac vice petitions, presumes that in civil cases, more than five appearances by an out-of-state attorney is excessive; however, this presumption can be overcome with a showing of special circumstances and good cause. Nev. Dist. Ct. LR IA 11-2(f).

---

[1] I also have been admitted to the State Bar of Georgia and am an inactive member in good standing with this Bar.

DECLARATION OF JESSICA L. BLOME

7.     Greenfire Law PC is a California law firm that represents individuals and nonprofit organization in cases involving animal law and/or environmental issues. Most of the firm's cases are litigated in California courts (state and federal); however, the firm has represented clients pro hac vice in other jurisdictions, where appropriate.

8.     As addressed below, special circumstances and good cause exist to grant my petition in the above-captioned case because (a) Greenfire Law PC has a long-term relationship with each of the Plaintiffs, (b) the case involves only federal law, (c) local counsel lack expertise in the applicable law and issues, (d) the case is related to previous litigation before the Court, and (e) granting the petition will not interfere with the orderly administration of justice.

Pre-Existing Relationship

9.     Plaintiffs consist of individuals and non-profit organizations that have an interest in and advocate for the lawful management and humane handling of wild horses on public lands, including in the Pancake Complex.

10.     Plaintiffs have a long-term client relationship with Greenfire Law PC, with each Plaintiff having retained the firm since 2022 to handle various litigation matters involving wild horses on public lands, many of which (but not all) are located in Nevada, Eastern California, and Oregon.

Federal Law

11.     Plaintiffs' complaint challenges the Bureau of Land Management's decision to gather and remove more than 2,000 wild horses from the South Shoshone Herd Management Area (HMA), Bald Mountain HMA, Callaghan HMA, Hickson (north) HMA, and the North Shoshone Herd Area (HA) due to Defendants' violations of the Wild Free-Roaming Horses and Burros Act (WHA), 16 U.S.C. § 1331, *et seq*., Federal Land Policy and Management Act (FLPMA), 43 U.S.C. § 1701 *et seq*., National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq*., and the Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq*. The case involves **only federal law** – no state law is at issue.

Expertise

DECLARATION OF JESSICA L. BLOME

12.     Greenfire Law, PC has expertise in cases involving the WHA, having represented clients in such matters before district courts in California, Nevada, and Oregon, as well as before the Ninth Circuit Court of Appeals. Greenfire Law, PC also has been employed to assist clients with public comments made to the Bureau of Land Management (BLM) in response to NEPA EAs that address wild horses, as well as to assist clients with filings before the U.S. Interior Board of Land Appeals. I have personally participated in each of these cases.

13.     Based upon experience, Ms. Lovko and I have developed legal expertise and knowledge regarding the WHA, as well as the policies and practices of BLM as regards management of lands upon which wild horses reside. The number of firms with similar expertise that represent plaintiffs is small. We are aware of a three nationally; none of these firms are based in Nevada and only one is located in the Western United States.

14.     If Plaintiffs in this case were forced to choose only an in-state attorney to represent their interests, they would be severely prejudiced by having to select an attorney without the requisite expertise and knowledge necessary to litigate for the protection of these interests.

Related Case

15.     As detailed in the accompanying petition, the District Court of Nevada has previously granted more than five pro hac vice petitions for attorneys associated with Greenfire Law, PC since 2021. Some of those cases have since resolved, and the parties are negotiating settlement in another. Still one more is on appeal to the U.S. Court of Appeals for the Ninth Circuit.

16.     None of these cases were filed before the District Court of Nevada to improperly forum shop. Each of these cases involved only federal law and were filed before the District of Nevada based on the defendants' contacts with the State.

17.     One of the five cases, *Animal Wellness Action v. BLM* (3:22-cv-00034), challenged BLM's handling of wild horses in the Pancake Complex, which is located 30 miles east of Ely, Nevada.[2] It resolved with Chief Judge Miranda Du compelling BLM to prepare and approve a Herd Management Area Plan (HMAP) for the Pancake Complex and vacating the challenged gather plan.

---

[2] Plaintiffs filed a Notice of Related Case on October 21, 2025. Dkt. 4.

DECLARATION OF JESSICA L. BLOME

The current case involves the **same Plaintiffs**, **same defendant agency – BLM**, and at least two of same issues (whether an HMAP is required) as in *Animal Wellness Action.*

Administration of Justice

18.    "A defendant's right to the counsel of his choice includes the right to have an out-of-state lawyer admitted pro hac vice." *United States v. Ries*, 100 F.3d 1469, 1471 (9th Cir. 1996) (quoting *United States* v. *Lillie,* 989 F.2d 1054, 1056 (9th Cir. 1993)).

19.    Denial of a pro hac vice application may be warranted, however, where the evidence indicates the applicant may interfere with the Court's orderly administration of justice by, for example, not agreeing to follow the Court's rules and procedures. *See United States v. United States Dist. Court for the Dist. of Nev. (In re United States)*, 791 F.3d 945, 955-57 (9th Cir. 2015); *Ries*, 100 F.3d at 1471.

20.    On behalf of the attorneys at Greenfire Law, PC, including myself, I agree to comply with the Nevada District Court's rules and procedures; I agree to comply with the standards of professional conduct required of the members of the State Bar of Nevada.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this June 11, 2026,                                        */s/ Jessica L. Blome*
                                                                                Jessica L. Blome

DECLARATION OF JESSICA L. BLOME