BRENT M. RESH
(Nevada Bar No. 14940)
BRENT RESH LAW, PLLC
2401 La Solana Way
Las Vegas, NV 89102
(702) 781-6903
brent@brentreshlaw.com

JESSICA L. BLOME
(California Bar No. 314898, admitted pro hac vice)
J. RAE LOVKO
(California Bar No. 208855, admitted pro hac vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WILD HORSE EDUCATION, a non-profit corporation, LAURA LEIGH, individually and on behalf of WILD HORSE EDUCATION, and TAMMI ADAMS, individually and on behalf of WILD HORSE EDUCATION,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT, BILL GROFFY, Principal Deputy Director and Acting Director of the Bureau of Land Management, and JUSTIN ABERNATHY, acting Nevada State Director of the Bureau of Land Management,<br><br>Defendants. | CASE NO. 3:26-cv-00423-MMD-CSD<br><br>**DECLARATION OF JESSICA L. BLOME ISO PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

1

I, JESSICA L. BLOME, declare that if called as a witness in this action I would competently testify of my own personal knowledge, as follows:

1.      I am an attorney of record for all of the plaintiffs in the above-captioned action.

2.      Plaintiffs filed this litigation on May 18, 2026, in the Las Vegas Division of the U.S. District Court for the District of Nevada. ECF No. 1.

3.      On May 19, 2026, counsel for the BLM contacted Plaintiffs' counsel to advise that he had received a copy of Plaintiffs' complaint and wanted to know if Plaintiffs would proceed with requesting emergency injunctive relief.

4.      The parties conferred in May and concluded that injunctive relief would be necessary because the BLM would not identify where it intended to gather 2,000 horses from among the five implicated HMAs or HAs making up 1,145,515 acres of land.

5.      On June 3, 2026, attorneys from the U.S. Department of Justice entered their appearance in this case on behalf of the BLM. ECF No.s 12, 14, 15.

6.      That same day, on June 3, 2026, the DOJ filed a motion for briefing schedule on Plaintiffs' planned motion for preliminary injunction, ECF No. 13, which the Court denied as premature, ECF No. 20.

7.      Because the DOJ entered appearance and filed a motion, DOJ attorneys are registered in the Court's ECF filing system and receive electronic service of all case filings, including Plaintiffs' Motion for Preliminary Injunction, which my paralegal filed on June 10, 2026.

8.      I do not understand the DOJ to be arguing that it did not receive service of Plaintiffs' motion for preliminary injunction, as Federal Defendants filed their opposition to Plaintiffs' motion on June 24, 2026. Dkt 35.

9.      My paralegal placed service of process packets in the U.S. Mail by certified mail, return receipt requested, on June 17, 2026. Return receipts indicates all parties were served on June 22, 2026, except that the U.S. Attorney's Office for the District of Nevada was served on

June 29, 2026. A true and correct copy of the return receipt demonstrating service on the U.S. Attorney's Office is attached hereto as **Exhibit A**.

10.    My paralegal has not yet filed the returns of summons due to workload, but the returns are not due until August 17, 2026, per Rule 4(m). My paralegal will file the returns this week.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:   June 30, 2026,                              */s/ Jessica L. Blome*
                                                     Jessica L. Blome

3