ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Energy & Natural Resources Division

DAVIS A. BACKER, Senior Trial Attorney (CO Bar No. 53502)
Wildlife & Marine Resources Section
ADAM M.Y. ESTACIO, Trial Attorney (CO Bar No. 59419)
Natural Resources Section
999 18th Street, North Terrace, Suite 600
Denver, Colorado 80202
Tel: (202) 305-5469 (Backer)
Email: davis.backer@usdoj.gov
Tel: (202) 340-2263 (Estacio)
Email: adam.estacio@usdoj.gov
Fax: (202) 305-0275

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

WILD HORSE EDUCATION, a non-profit corporation, LAURA LEIGH, individually and on behalf of WILD HORSE EDUCATION, and TAMMI ADAMS, individually and on behalf of WILD HORSE EDUCATION,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT, BILL GROFFY, in his official capacity as Principal Deputy Director and Acting Director of the Bureau of Land Management, and JUSTIN ABERNATHY, in his official capacity as acting Nevada State Director of the Bureau of Land Management,

Defendants.

Case No. 3:26-cv-00423

**DEFENDANTS' ANSWER**

Defendants, the U.S. Department of Interior, the Bureau of Land Management, Bill Groffy, in his official capacity as Principal Deputy Director and Acting Director of the Bureau of Land Management, and Justin Abernathy, in his official capacity as Acting Nevada State Director of the Bureau of Land Management, hereby submit this Answer in response to Plaintiffs' Complaint. Defendants deny any allegations in Plaintiffs' Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

1. Defendants admit the allegations in the first sentence of Paragraph 1. The allegations in the second sentence of Paragraph 1 purport to characterize provisions of the Decision Record ("DR"), which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the DR.

2. The allegations in Paragraph 2 are a characterization of Plaintiffs' case and are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 2.

3. The allegations in Paragraph 3 purport to characterize provisions of the Herd Management Area Plan ("HMAP") and Gather Plan, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the HMAP or Gather Plan.

4. The allegations in Paragraph 4 are a characterization of Plaintiffs' case and are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 4.

5. The allegations in Paragraph 5 are a characterization of Plaintiffs' case and are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 5.

6. The allegations in Paragraph 6 are a characterization of Plaintiffs' case and are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 6.

7. Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 7 and deny the allegations on that basis.

8. Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 8 and deny the allegations on that basis.

9. Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 9 and deny the allegations on that basis.

10. Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 10 and deny the allegations on that basis.

11. Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 11 and deny the allegations on that basis.

12. Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 12 and deny the allegations on that basis.

13. Defendants admit that during 2016, Plaintiff Laura Leigh volunteered with the BLM in the Battle Mountain District, Mount Lewis Field Office and completed field work with a BLM employee including monitoring vegetation and signs of wild horse use at springs and in upland range sites. Defendants lack knowledge or information sufficient to respond to the remaining allegations in Paragraph 13 and deny the allegations on that basis.

14. Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 14 and deny the allegations on that basis.

15. Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 15 and deny the allegations on that basis.

16. Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 16 and deny the allegations on that basis.

17. Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 17 and deny the allegations on that basis.

18. The allegations of Paragraph 18 contain legal conclusions which require no response. To the extent a response is required, Defendants deny these allegations.

19. Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 19 and deny the allegations on that basis.

20. The allegations in Paragraph 20 are a characterization of Plaintiffs' case and are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 20.

21. Defendants admit that Bill Groffy is the Principal Deputy Director of the Bureau of Land Management ("BLM") and deny that he is the Acting Director of the BLM. Defendants aver that Stevan Pearce is the Director of the Bureau of Land Management. The remaining allegations in Paragraph 21 purport to characterize provisions of the Wild Free-Roaming Horses and Burros Act ("WHA"), which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the statute.

22. Defendants deny that Jon Raby is the Nevada State Director of the BLM and aver that Justin Abernathy is the Acting Nevada State Director of the BLM. The remaining allegations in Paragraph 22 purport to characterize provisions of the WHA, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the statute.

23. The allegations in Paragraph 23 purport to characterize provisions of the WHA, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the statute.

24. The allegations in Paragraph 24 purport to characterize provisions of the Federal Land Policy and Management Act ("FLPMA") and two federal court opinions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the statute and the opinions.

25. The allegations in Paragraph 25 purport to characterize provisions of FLPMA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the statute and regulations.

26. The allegations in Paragraph 26 purport to characterize provisions of FLPMA, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the statute.

27. The allegations in Paragraph 27 purport to characterize provisions of FLPMA, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the statute.

28. The allegations in Paragraph 28 purport to characterize provisions of FLPMA and three federal court opinions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the statute and the opinions.

29. The allegations in Paragraph 29 purport to characterize provisions of the Federal Register and BLM regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the Federal Register and the regulation. Defendants also aver that the regulations referenced by Plaintiffs were rescinded on June 11, 2026. 91 FR 25787.

30. The allegations in Paragraph 30 purport to characterize provisions of FLPMA and BLM regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the statute and the regulations. Defendants also aver that the regulations referenced by Plaintiffs were rescinded on June 11, 2026. 91 FR 25787.

31. The allegations in Paragraph 31 purport to characterize provisions of BLM regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the regulations. Defendants also aver that the regulations referenced by Plaintiffs were rescinded on June 11, 2026. 91 FR 25787.

32. The allegations in Paragraph 32 purport to characterize provisions of BLM regulations, which speak for themselves and are the best evidence of their contents. Defendants

deny any allegations inconsistent with the plain language of the regulation. Defendants also aver that the regulation referenced by Plaintiffs was rescinded on June 11, 2026. 91 FR 25787.

33. The allegations in Paragraph 33 purport to characterize provisions of a BLM policy, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the policy.

34. The allegations in Paragraph 34 purport to characterize provisions of BLM regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the regulation. Defendants also aver that some of the regulations referenced by Plaintiffs were rescinded on June 11, 2026. 91 FR 25787.

35. The allegations in Paragraph 35 purport to characterize provisions of a BLM policy and BLM regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the policy and the regulations.

36. The allegations in Paragraph 36 purport to characterize provisions of FLPMA, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the statute.

37. The allegations in Paragraph 37 purport to characterize provisions of BLM regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the regulations.

38. The allegations in Paragraph 38 purport to characterize provisions of BLM regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the regulations.

39. The allegations of Paragraph 39 purport to characterize provisions of a federal court opinion, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the opinion.

40. The allegations of Paragraph 40 purport to characterize provisions of FLPMA and BLM regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the statute and the regulations.

41. The allegations of Paragraph 41 purport to characterize provisions of a federal court opinion, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the opinion.

42. The allegations of Paragraph 42 purport to characterize provisions of the WHA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the statute and regulations.

43. The allegations of Paragraph 43 purport to characterize provisions of the BLM's WHA regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the regulations.

44. The allegations of Paragraph 44 purport to characterize provisions of the BLM's WHA regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the regulations.

45. The allegations of Paragraph 45 purport to characterize provisions of the BLM's WHA regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the regulations.

46. The allegations of Paragraph 46 purport to characterize provisions of BLM's 2020 Report to Congress entitled An Analysis of Achieving a Sustainable Wild Horse and Burro Program ("2020 Report"), which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the 2020 Report.

47. The allegations of Paragraph 47 purport to characterize provisions of BLM's Wild Horses and Burros Management Handbook ("WHB Handbook"), which speak for themselves and

are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

48. The allegations of Paragraph 48 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

49. The allegations of Paragraph 49 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

50. The allegations of Paragraph 50 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

51. The allegations of Paragraph 51 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

52. The allegations of Paragraph 52 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

53. The allegations of Paragraph 53 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

54. The allegations of Paragraph 54 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

55. The allegations of Paragraph 55 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

56. The allegations of Paragraph 56 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

57. The allegations of Paragraph 57 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

58. The allegations of Paragraph 58 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

59. The allegations of Paragraph 59 purport to characterize provisions of the 2020 Report, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the 2020 Report.

60. The allegations of Paragraph 60 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

61. The allegations of Paragraph 61 purport to characterize provisions of the WHA, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the statute.

62. The allegations of Paragraph 62 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the WHB Handbook.

63. The allegations of Paragraph 63 purport to characterize provisions of the WHA and the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the statute and the WHB Handbook.

64. The allegations of Paragraph 64 purport to characterize provisions of the WHA, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the statute.

65. The allegations of Paragraph 65 purport to characterize provisions of the WHA and a federal court opinion, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the statute and opinion.

66. The allegations of Paragraph 66 purport to characterize provisions of a federal court opinion, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the opinion.

67. The allegation in Paragraph 67 purports to characterize provisions of the WHA and a federal court opinion, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the statute and opinion.

68. The allegation in Paragraph 68 purports to characterize provisions of the WHB Handbook, the WHA, and three federal court opinions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the policy, statute, and opinions.

69. The allegations in Paragraph 69 purport to characterize provisions of the WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the policy.

70. The allegations in Paragraph 70 purport to characterize provisions of three federal court opinions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the opinions.

71. The allegation in Paragraph 71 purports to characterize provisions of the National Environmental Policy Act (“NEPA”), which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the statute.

72. The allegations in Paragraph 72 purport to characterize the provisions of NEPA's former regulations, which speak for themselves and were the best evidence of their contents. Defendants deny any allegations inconsistent with the former regulations. Defendants also aver that the regulation referenced by Plaintiffs was rescinded on January 8, 2026.

73. The allegations in Paragraph 73 purport to characterize provisions of NEPA, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the statute.

74. The allegations in Paragraph 74 purport to characterize provisions of the former BLM NEPA Handbook H-1790-1, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the former policy.

75. The allegations in Paragraph 75 purport to characterize provisions of NEPA and the former BLM NEPA Policy Handbook H-1790-1, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the statute and former policy.

76. The allegations in Paragraph 76 purport to characterize provisions of a federal court opinion, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the opinion.

77. The allegations in Paragraph 77 purport to characterize provisions of two federal court opinions and the former BLM NEPA Handbook H-1790-1, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the opinions and former policy.

78. The allegations in Paragraph 78 purport to characterize provisions of the former BLM NEPA Handbook H-1790-1, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the former policy.

79. The allegations in Paragraph 79 purport to characterize provisions of a federal court opinion and the former BLM NEPA Handbook H-1790-1, which speak for themselves and

are the best evidence of their contents. Defendants deny any allegations inconsistent with the opinion and former policy.

80. The allegations in Paragraph 80 purport to characterize provisions of a federal court opinion, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the opinion.

81. The allegations in Paragraph 81 purport to characterize provisions of the former BLM NEPA Handbook H-1790-1, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the former policy.

82. The allegations in Paragraph 82 purport to characterize provisions of a federal court opinion, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the opinion.

83. The allegations in Paragraph 83 purport to characterize provisions of a federal court opinion, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the opinion.

84. The allegations in Paragraph 84 purport to characterize the provisions of NEPA's former regulations, which speak for themselves and were the best evidence of their contents. Defendants deny any allegations inconsistent with the former regulations. Defendants also aver that the regulation referenced by Plaintiffs was rescinded on January 8, 2026.

85. The allegations in Paragraph 85 purport to characterize provisions of two federal court opinions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with those opinions.

86. The allegations in Paragraph 86 purport to characterize provisions of two federal court opinions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with those opinions.

87. The allegations in Paragraph 87 purport to characterize provisions of three federal court opinions and the former BLM NEPA Handbook H-1790-1, which speak for themselves and

are the best evidence of their contents. Defendants deny any allegations inconsistent with the opinions and former policy.

88. The allegations in Paragraph 88 purport to characterize provisions of three federal court opinions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the opinions.

89. The allegations in Paragraph 89 purport to characterize provisions of a federal court opinion, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the opinion.

90. The allegations in Paragraph 90 purport to characterize the provisions of NEPA's former regulation and two federal court opinions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the former regulation and the opinions. Defendants also aver that the regulation referenced by Plaintiffs was rescinded on January 8, 2026.

91. The allegations in Paragraph 91 purport to characterize provisions of a federal court opinion, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the opinion.

92. The allegations of Paragraph 92 purport to characterize provisions of four federal court opinions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the opinions.

93. The allegations of Paragraph 93 purport to characterize provisions of two federal court opinions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the opinions.

94. The allegations of Paragraph 94 purport to characterize provisions of NEPA and a federal court opinion, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the statute and opinion.

95. The allegations of Paragraph 95 purport to characterize provisions of five federal court opinions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the opinions.

96. The allegations of Paragraph 96 purport to characterize provisions of two federal court opinions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the opinions.

97. The allegations of Paragraph 97 purport to characterize provisions of six federal court opinions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the opinions.

98. The allegations of Paragraph 98 purport to characterize provisions of a federal court opinion, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the opinion.

99. The allegations of Paragraph 99 purport to characterize provisions of two federal court opinions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the opinions.

100. The allegations in Paragraph 100 purport to characterize provisions of the Administrative Procedure Act ("APA") and a federal court opinion, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the statute and opinion.

101. The allegations of Paragraph 101 purport to characterize provisions of two federal court opinions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the opinions.

102. The allegations of Paragraph 102 purport to characterize provisions of three federal court opinions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the opinions.

103. The allegations of Paragraph 103 purport to characterize provisions of five federal court opinions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the opinions.

104. The allegations of Paragraph 104 purport to characterize provisions of six federal court opinions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the opinions.

105. Defendants admit the allegations of Paragraph 105.

106. Defendants admit the allegations of Paragraph 106.

107. The allegations in the first sentence of Paragraph 107 purport to characterize provisions of the Shoshone-Eureka Resource Area Resource Management Plan ("SERA RMP"), which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the SERA RMP. Defendants admit the allegations in the second sentence of Paragraph 107 but aver that the SERA RMP has been amended several more times since 1987.

108. Defendants deny the allegations of Paragraph 108.

109. The allegations of Paragraph 109 purport to characterize provisions of the SERA RMP, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the SERA RMP.

110. The allegations in Paragraph 110 are vague and ambiguous and are denied on that basis.

111. Defendants deny the allegations in the first sentence of Paragraph 111. The remaining allegations of Paragraph 111 purport to characterize provisions of a Federal Register notice, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the notice.

112. Defendants lack knowledge or information sufficient to respond to the allegations in the first sentence of Paragraph 112 and deny the allegations on that basis. Defendants deny the allegations in the second and third sentences of Paragraph 112.

113. Defendants admit that during 2016, Plaintiff Laura Leigh volunteered with the BLM in the Battle Mountain District, Mount Lewis Field Office and completed field work with a BLM employee including monitoring vegetation and signs of wild horse use at springs and in upland range sites. Defendants deny the remaining allegations in the first sentence of Paragraph 113. Defendants lack knowledge or information sufficient to respond to the allegations in the second sentence of Paragraph 113 and deny the allegations on that basis.

114. The allegations in Paragraph 114 are vague and ambiguous and are denied on that basis.

115. The allegations in the first and second sentence of Paragraph 115 purport to characterize provisions of the SERA RMP, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the SERA RMP. Defendants deny the remaining allegations in Paragraph 115.

116. The allegations in Paragraph 116 are vague and ambiguous and are denied on that basis.

117. Defendants lack knowledge or information sufficient to respond to the allegations in the second sentence of Paragraph 117 and deny the allegations on that basis.

118. Defendants deny the allegations in the first sentence of Paragraph 118. Defendants lack knowledge or information sufficient to respond to the allegations in the second sentence of Paragraph 118 and deny the allegations on that basis. Defendants lack knowledge or information sufficient to respond to the allegations in the last sentence of Paragraph 118, and on that basis deny the same.

119. Defendants deny the allegations in Paragraph 119.

120. The allegations of Paragraph 120 purport to characterize provisions of the BLM's regulations and a federal court opinion, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the regulations and opinion.

121. Defendants deny the allegations in the first sentence of Paragraph 121. The allegations in the second and third sentences of Paragraph 121 purport to characterize provisions of unidentified Herd Management Areas Plans ("HMAPs") and Environmental Assessments ("EAs"), which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of those documents.

122. The allegations of Paragraph 122 purport to characterize provisions of the BLM's management evaluation report and a letter to the public, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the report or letter.

123. The allegations of Paragraph 123 purport to characterize provisions of Plaintiffs' comments and proposed alternatives to BLM's management evaluation report, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the comments and proposed alternatives.

124. Defendants admit the allegations in the first sentence of Paragraph 124. The allegations in the second and third sentences of Paragraph 124 purport to characterize provisions of Plaintiffs' written comments, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the comments.

125. Defendants deny the allegations of Paragraph 125.

126. Defendants admit the allegations in the first sentence of Paragraph 126. The allegations in the second sentence of Paragraph 126 purport to characterize provisions of the EA, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the EA.

127. The allegations in the first sentence of Paragraph 127 purport to characterize provisions of the EA, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the EA. Defendants deny the allegations in the second sentence of Paragraph 127.

128. The allegations of Paragraph 128 purport to characterize provisions of the HMAP and Gather Plan, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the plans. The allegations of Paragraph 128 also contain legal conclusions which require no response. To the extent a response is required, Defendants deny these allegations.

129. The allegations of Paragraph 129 purport to characterize provisions of the HMAP and Gather Plan, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the plans.

130. The allegations in Paragraph 130 are a characterization of Plaintiffs' action and state legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 130.

131. The allegations of Paragraph 131 purport to characterize provisions of the HMAP, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the plan.

132. The allegations of Paragraph 132 purport to characterize provisions of the HMAP, Gather Plan, and SERA RMP, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the plans.

133. The allegations of Paragraph 133 purport to characterize provisions of the NEPA review for the HMAP and Gather Plan, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the NEPA review.

134. The allegations of Paragraph 134 purport to characterize provisions of the EA, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the EA.

135. The allegations of Paragraph 135 purport to characterize provisions of the EA, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the EA.

136. Defendants admit the allegations of Paragraph 136.

137. Defendants deny the allegations of Paragraph 137.

138. Defendants deny the allegations of Paragraph 138.

139. The allegations of Paragraph 139 purport to characterize provisions of the NEPA review for the HMAP and Gather Plan, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the NEPA review.

140. The allegations of Paragraph 140 purport to characterize provisions of the EA for the HMAP and Gather Plan, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the EA.

141. The allegations of Paragraph 141 purport to characterize provisions of the EA for the HMAP and Gather Plan, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the EA.

142. The allegations of Paragraph 142 purport to characterize provisions of the EA for the HMAP and Gather Plan, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the EA.

143. The allegations of Paragraph 143 purport to characterize provisions of the Greater Sage-Grouse Approved Resource Management Plan Amendment ("ARMPA") and the HMAP, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the plans.

144. The allegations of Paragraph 144 purport to characterize provisions of the ARMPA, the HMAP, and the Gather Plan, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the plans.

145. The allegations in the first sentence of Paragraph 145 purport to characterize provisions of the HMAP and Gather Plan, which speak for themselves and are the best evidence

of their contents. Defendants deny any allegations inconsistent with the plain language of the plans. Defendants deny the remaining allegations of Paragraph 145.

146. Defendants deny the allegations of Paragraph 146.

147. Defendants deny the allegations in the first sentence of Paragraph 147. The allegations in the second sentence of Paragraph 147 purport to characterize provisions of the EAs, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the EAs. The allegations in the third sentence of Paragraph 147 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in the third sentence of Paragraph 147. The allegations in the fourth sentence of Paragraph 147 purport to characterize provisions of the HMAP, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the plan.

148. Defendants deny the allegations of Paragraph 148.

149. The allegations in Paragraph 149 are vague and ambiguous and are denied on that basis.

150. The allegations in Paragraph 150 are vague and ambiguous and are denied on that basis.

151. Paragraph 151 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 151.

152. Defendants deny the allegations of Paragraph 152.

153. Paragraph 153 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 153.

154. Defendants deny the allegations of Paragraph 154.

155. The allegations of Paragraph 155 purport to characterize provisions of the EA for the HMAP and Gather Plan, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the EA.

156. The allegations in the first sentence of Paragraph 156 purport to characterize provisions of the HMAP and Gather Plan, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the plans. The BLM admits the allegations in the second and third sentences of Paragraph 156.

157. Defendants lack knowledge or information sufficient to respond to the allegations in the second sentence of Paragraph 157 and deny the allegations on that basis.

158. The allegations of Paragraph 158 purport to characterize provisions of the SERA RMP, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the plan.

159. The allegations of Paragraph 159 purport to characterize provisions of the referenced Final Multiple Use Decisions ("FMUDs"), which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the FMUDs.

160. The first, second, third, and fifth sentences of Paragraph 160 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of the first, second, third, and fifth sentences of Paragraph 160. The allegations in the fourth sentence of Paragraph 160 purport to characterize provisions of the BLM's WHB Handbook, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the policy.

161. Paragraph 161 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 161.

162. Paragraph 162 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 162.

163. The allegations of Paragraph 163 purport to characterize provisions of the EA that analyzed the HMAP and Gather Plan, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the EA.

164. Paragraph 164 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 164.

165. Defendants deny the allegations of Paragraph 165.

166. Defendants deny the allegations of Paragraph 166.

167. The allegations in the first and second sentences of Paragraph 167 purport to characterize provisions of the BLM's responses to public comments, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the responses. The allegations in the third sentence of Paragraph 167 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in the third sentence of Paragraph 167.

168. The allegations of Paragraph 168 purport to characterize provisions of the BLM's responses to public comments, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the responses.

169. The allegations of Paragraph 169 purport to characterize provisions of the BLM's responses to public comments, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the responses.

170. The allegation in Paragraph 170 purports to characterize provisions of the BLM's responses to public comments, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the responses.

171. The allegations of Paragraph 171 purport to characterize provisions of the HMAP, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the plan.

172. The allegations in the first sentence of Paragraph 172 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 172. The allegations in the second, third, fifth, sixth, and seventh sentences of Paragraph 172 purport to characterize provisions of the EA that analyzed the Gather Plan and HMAP and the HMAP, which speak for themselves and are the

best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the EA and plan. The allegations in the fourth sentence of Paragraph 172 are vague and ambiguous, and Defendants deny them on that basis.

173. The allegations of Paragraph 173 purport to characterize provisions of the EA that analyzed the Gather Plan and HMAP, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the EA.

174. The allegations in the first, fourth, and fifth sentences of Paragraph 174 purport to characterize provisions of the public comments and the BLM's responses, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the comments and responses. The allegations in the second and third sentences of Paragraph 174 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in the second and third sentences of Paragraph 174.

175. Defendants deny the allegations of Paragraph 175.

176. Defendants deny the allegations of Paragraph 176.

177. The allegations of Paragraph 177 purport to characterize provisions of the EA that analyzed the Gather Plan and HMAP, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the EA.

178. The allegations in Paragraph 178 are vague and ambiguous and are denied on that basis.

179. Defendants deny the allegations of Paragraph 179.

180. Defendants deny the allegations of Paragraph 180.

181. Defendants admit that the BLM issued a tentative wild horse and burro gather schedule in March 2026. The allegations of Paragraph 181 purport to characterize provisions of the tentative schedule, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the schedule.

182. The allegations of Paragraph 181 purport to characterize provisions of the BLM's March 2026 tentative wild horse and burro gather schedule, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language of the schedule.

183. Paragraph 183 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 183.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

184. Defendants incorporate by reference their responses to all preceding paragraphs.

185. Defendants deny the allegations in Paragraph 185.

186. Defendants deny the allegations in Paragraph 186.

187. Defendants deny the allegations in Paragraph 187.

188. Defendants deny the allegations in Paragraph 188.

189. Defendants deny the allegations in Paragraph 189.

190. Defendants deny the allegations in Paragraph 190.

191. Paragraph 191 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 191.

192. Paragraph 192 states the nature of Plaintiffs' claims and contains legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 192.

### SECOND CAUSE OF ACTION

193. Defendants incorporate by reference their responses to all preceding paragraphs.

194. Defendants deny the allegations in Paragraph 194.

195. Defendants deny the allegations in Paragraph 195.

196. Defendants deny the allegations in Paragraph 196.

197. Defendants deny the allegations in Paragraph 197.

198. Defendants deny the allegations in Paragraph 198.

199. Defendants deny the allegations in Paragraph 199.

200. Paragraph 200 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 200.

201. Paragraph 201 states the nature of Plaintiffs' claims and contains legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 201.

**THIRD CAUSE OF ACTION**

202. Defendants incorporate by reference their responses to all preceding paragraphs.

203. Defendants deny the allegations in Paragraph 203.

204. Defendants deny the allegations in Paragraph 204.

205. Defendants deny the allegations in Paragraph 205.

206. Defendants deny the allegations in Paragraph 206.

207. Defendants deny the allegations in Paragraph 207.

208. Defendants deny the allegations in Paragraph 208.

209. Defendants deny the allegations in Paragraph 209.

210. Defendants deny the allegations in Paragraph 210.

211. Defendants deny the allegations in Paragraph 211.

212. Paragraph 212 states the nature of Plaintiffs' claims and contains legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 212.

**PRAYER FOR RELIEF**

The remainder of the Complaint constitutes a prayer for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

**GENERAL DENIAL**

Defendants deny each and every allegation of Plaintiffs' complaint not otherwise expressly admitted, qualified, or denied herein.

**AFFIRMATIVE DEFENSES**

Defendants reserve their right to raise additional affirmative defenses during the course of this litigation.

Respectfully submitted this 4th day of September, 2026.

ADAM R.F. GUSTAFSON,
Principal Deputy Assistant Attorney General

*/s/ Davis A. Backer*
DAVIS A. BACKER
Senior Trial Attorney (CO Bar No. 53502)
United States Department of Justice
Energy & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, North Terrace, Suite 600
Denver, Colorado 80202
Tel: (202) 305-5469
Fax: (202) 305-0275
Email: davis.backer@usdoj.gov

*/s/ Adam M.Y. Estacio*
ADAM M.Y. ESTACIO
Trial Attorney (CO Bar No. 59419)
Energy & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 340-2263
Email: adam.estacio@usdoj.gov

*Attorneys for Defendants*