BRENT M. RESH
(Nevada Bar No. 14940)
BRENT RESH LAW, PLLC
2401 La Solana Way
Las Vegas, NV 89102
(702) 781-6903
brent@brentreshlaw.com

JESSICA L. BLOME
(California Bar No. 314898, pro hac vice)
J. RAE LOVKO
(California Bar No. 208855, pro hac vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| WILD HORSE EDUCATION, a non-profit corporation, LAURA LEIGH, individually and on behalf of WILD HORSE EDUCATION, and TAMMI ADAMS, individually and on behalf of WILD HORSE EDUCATION,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT, BILL GROFFY, Principal Deputy Director and Acting Director of the Bureau of Land Management, and JUSTIN ABERNATHY, acting Nevada State Director of the Bureau of Land Management,<br><br>Defendants. | CASE NO. 3:26-cv-00423-MMD-CSD<br><br>**JOINT CASE MANAGEMENT REPORT**<br><br>**Special Scheduling Review Requested** |

Pursuant to the Court's Order Setting Case Management Conference (ECF No. 46), Federal Rule of Civil Procedure 16, and Local Rule 16-1(c)(1), Plaintiffs and Federal Defendants (collectively "the Parties"), hereby submit a Joint Case Management Report for the above-captioned action.

**1. Nature of the Case:**

This case concerns Bureau of Land Management's (BLM) Callaghan Complex Herd Management Area Plan and Final Environmental Assessment for the BLM's Gather Plan, and its associated Finding of No Significant Impact and Decision Record, which were issued on February 13, 2026 (collectively, the "Callaghan Plan").

**a. Plaintiffs' claims**

Plaintiffs' Complaint contains three causes of actions based on Federal Defendants' alleged violations of the Wild Free-Roaming Horses and Burros Act (WHA), 16 U.S.C. § 1331, *et seq*., the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq*., the Federal Land Policy and Management Act (FLPMA), 43 U.S.C. § 1732 *et seq.*, and the Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq*.

**First Cause of Action:** BLM violated the WHA and APA when it adopted the Callaghan Plan. Defendants have a duty to prepare HMAPs for all HMAs. 43 C.F.R. § 4710.4. The process for developing an HMAP and identification of HMAP components are defined by BLM's Wild Horses and Burros Management Handbook. BLM did not adhere to this process nor include necessary HMAP components in the Callaghan Plan. In adopting a gather plan with the Callaghan Plan, Defendants violated the WHA's requirements regarding overpopulation determinations, necessity determinations, immediacy, consultation, and appropriate management levels. 16 U.S. Code § 1333.

**Second Cause of Action:** BLM violated FLPMA and the APA when it adopted the Callaghan Plan. The Callaghan Plan does not conform to applicable land use plans. BLM also failed to comply with FLPMA's multiple use mandate. 43 U.S. Code § 1701.

**Third Cause of Action**: In adopting the Callaghan Plan BLM violated NEPA and the APA by (1) failing to analyze all direct, indirect, and cumulative impacts, (2) relying on AMLs that were administratively set and not based on evidence, analysis or scientific studies, (3) failing to disclose relevant information and data to decision-makers and the public, (4) failing to reasonably respond to public comment, (5) relying on an unsubstantiated and narrowly drawn purpose and need statement, (6) failing to establish any baseline, (7) failing to analyze reasonable alternatives, (8) failing to ensure scientific integrity in the agency's analysis, (9) tiering to documents that had not been reviewed under NEPA, and (10) adopting a predetermined outcome. To the extent Defendants interpret the gather plan in the Callaghan Plan to allow removal of more horses than the BLM currently has determined are in excess and/or to interpret the gather plan to allow maintenance gathers, Defendants violate NEPA's requirements regarding action being limited to the scope of analysis.

**b. Federal Defendants' Defenses**

Federal Defendants deny that Plaintiffs have pled cognizable claims and deny that Plaintiffs are entitled to any relief.

**2. Jurisdiction:**

Plaintiffs' asserted bases for federal jurisdiction are 5 U.S.C. § 706, 28 U.S.C. § 1331, and 28 U.S.C. § 1361.

**3. Additional Parties:**

The Parties do not expect to add additional parties to the case or otherwise amend the pleadings at this time.

**4. Pending Motions:**

There are no pending motions.

**5. Related Cases:**

There are no cases related to this one.

**6. Discovery:**

The Parties agree that this case will be resolved through judicial review of BLM's administrative record. Extra-record evidence, including the taking of discovery, is allowed only through limited exceptions, and the Parties are not obligated to follow the Federal Rule of Civil Procedure 26 discovery process. Fed. R. Civ. P. 26(a)(1)(B)(i); D.Nev. Civ. R. 16-1(c)(1). The Parties have conferred, and neither Plaintiffs nor Federal Defendants intend at this time to seek discovery. If any Party decides to deviate from this plan and seek discovery, the Parties agree that leave of Court is required.

**7. ESI:**

This section is inapplicable because this is a case for review on an administrative record.

**8. Scheduling Order:**

Local Rule 16-1(c) provides that cases such as this one— "actions for review on an administrative record"—are to be "governed by an entry or an order establishing a briefing schedule and other appropriate matters." Accordingly, the Parties have agreed to a schedule for informal resolution or, if necessary, briefing of any disputes regarding the completeness of the administrative record. If the Parties resolve any disputes without filing motions over the

completeness or adequacy of the administrative record, then the Parties will return to the Court with a proposed schedule on the Parties' planned cross-motions for summary judgment.

**c. Administrative Record**

- Federal Defendants shall file and serve the certified administrative record by December 4, 2026.
- Plaintiffs shall notify Federal Defendants whether they believe the administrative record is incomplete or requires supplementation with additional materials or whether they believe any exceptions to record review are applicable by January 15, 2027.
- If the Parties cannot resolve any disputes regarding the administrative record, Plaintiffs will file a motion to complete and/or supplement the record by February 5, 2027.
    - Federal Defendants' opposition will be due by March 5, 2026.
    - Plaintiffs' reply will be due by March 19, 2026.

If the Parties resolve potential disputes related to the administrative record, the Parties shall confer and submit a proposed schedule for briefing on anticipated cross-motions for summary judgment to the Court. If the Parties engage in motion practice over the contents or completeness of the administrative record, the Parties will submit a proposed schedule to the Court within fourteen days of the Court's resolution of the administrative record motion(s).

**9. Jury Trial:**

This section is inapplicable because this is a case for review on an administrative record, and the Parties anticipate that the merits will be resolved on cross-motions for summary judgment.

**10. Settlement:**

After meeting and conferring, the Parties do not anticipate that this matter will be resolved via settlement. Thus, the Parties do not believe that assignment of this case to a court-sponsored settlement conference is appropriate at this time. If settlement discussions do occur and counsel believe that there is a possibility that such discussions could be enhanced through such a conference, counsel will contact the Court.

**11. Magistrate Judge:**

The Parties do not consent to a magistrate judge and would like to proceed before the district judge.

**12. Bifurcation:**

The Parties do not request bifurcation or phasing of trial.

DATED: October 14, 2026,

Respectfully Submitted,

*/s/ Jessica L. Blome*
Jessica L. Blome
(Cal. Bar No. 314898, pro hac vice)
Jennifer Rae Lovko
(Cal. Bar No. 208855, pro hac vice
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com

*/s/ Brent M. Resh*
Brent M. Resh
(Nevada Bar No. 14940)
BRENT RESH LAW, PLLC
2401 La Solana Way
Las Vegas, NV 89102
(702) 781-6903
brent@brentreshlaw.com

*Attorneys for Plaintiffs Wild Horse Education, Laura Leigh, and Tammi Adams*

ADAM R.F. GUSTAFSON,
Principal Deputy Assistant Attorney General

*/s/ Davis A. Backer*
DAVIS A. BACKER
Senior Trial Attorney (CO Bar No. 53502)
United States Department of Justice
Energy & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, North Terrace, Suite 600
Denver, Colorado 80202
Tel: (202) 305-5469
Fax: (202) 305-0275
Email: davis.backer@usdoj.gov

*/s/ Adam M.Y. Estacio*
ADAM M.Y. ESTACIO
Trial Attorney
Energy & Natural Resources Division
CO Bar No. 59419
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 340-2263
Email: adam.estacio@usdoj.gov

*Attorneys for Defendants*

**[PROPOSED] ORDER**

The Court, having considered the parties Joint Case Management Report and Special Scheduling Review Request for the October 26, 2026, Case Management Conference, hereby enters the Scheduling Order proposed therein and indicated as follows:

- Federal Defendants shall file and serve the certified administrative record by December 4, 2026.
- Plaintiffs shall notify Federal Defendants whether they believe the administrative record is incomplete or requires supplementation with additional materials or whether they believe any exceptions to record review are applicable by January 15, 2027.
- If the Parties cannot resolve any disputes regarding the administrative record, Plaintiffs will file a motion to complete and/or supplement the record by February 5, 2027.
    - Federal Defendants' opposition will be due by March 5, 2026.
    - Plaintiffs' reply will be due by March 19, 2026.

If the Parties resolve potential disputes related to the administrative record, the Parties shall confer and submit a proposed schedule for briefing on anticipated cross-motions for summary judgment to the Court. If the Parties engage in motion practice over the contents or completeness of the administrative record, the Parties will submit a proposed schedule to the Court within fourteen days of the Court's resolution of the administrative record motion(s).

**IT IS SO ORDERED.**

Dated: ________________

______________________________
Hon. Craig S. Denney
United States Magistrate Judge